# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RAOHL HURSH, | CASE NO. 08cv2249 BEN (PCL) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO AMEND** |
| vs. | |
| COUNTY OF SAN DIEGO, et al, | |
| Defendants. | |

Plaintiff Raohl Hursh has filed a motion for leave to file a Second Amended Complaint adding new defendants. (Dkt. No. 49.) Defendant opposes the motion, emphasizing the May 14, 2010 deadline to amend the pleadings and the absence of any showing of good cause for the significant delay in bringing the motion. (Dkt. No. 51.) Plaintiff filed no Reply. For the reasons outlined below, Plaintiff's motion to amend is **DENIED**.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 1983 for Defendant County of San Diego's failure to assign him to a lower bunk and denial of adequate medical care. Plaintiff named and served the County, but only identified other possible "Doe Defendants." Plaintiff now seeks to add an additional ten named Defendants and another ten as yet unidentified Doe Defendants.

///

///

The deadline to add parties was May 14, 2010. (Court's April 13, 2010 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings.)¹ The County filed its motion for summary judgment on January 10, 2011. Defendant's motion for summary judgment was fully briefed on February 7, 2011. When Plaintiff filed his motion to amend two weeks later, on February 21, 2011, the Final Pretrial Conference was set for March 14, 2011. The Final Pretrial Conference was continued, in part, because of the instant motion.

**DISCUSSION**

Plaintiff moves to amend pursuant to Federal Rule of Civil Procedure 15. Under Rule 15, [t]he court should freely give leave to amend when justice so requires." Whether "justice so requires" depends on "the presence or absence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

But, when a plaintiff seeks to amend after the time specified in a scheduling order, Federal Rule of Civil Procedure 16 applies and a plaintiff "must show good cause for not having amended . . . before the time specified in the scheduling order expired." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). This higher standard "primarily considers the diligence of the party seeking the amendment." *Id.* Plaintiff's request is subject to this standard because the request was made nine months after the May 14, 2010 deadline set by this Court.

Plaintiff has not demonstrated his diligence or shown good cause for not having amended before the May 14, 2010 deadline. The substance of Plaintiff's motion consists of only two paragraphs.² In the first, he quotes Rule 15. In the second he indicates that depositions of sheriffs deputies were necessary to determine the proper parties to be included and those depositions were not taken until December 9-10, 2010. Plaintiff does not explain why those depositions, critical to identifying proper defendants, were not taken until six months after the deadline for amending the pleadings and more than two years after this litigation began. Plaintiff does not explain why he did

---

¹On November 16, 2010, six months after the deadline to amend the pleadings had passed, the Court reset the remaining deadlines. (Court's November 16, 2010 Amended Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings.)

²Plaintiff did not file a Reply brief.

not seek amendment of the scheduling order to accommodate this problem. And finally, Plaintiff does not explain the two-month delay from the time of those depositions and the filing of the instant motion.

Although Rule 16, rather than Rule 15, applies because "a pretrial scheduling order . . . established a timetable for amending the pleadings, and the deadline . . . expired before [Plaintiff] moved to amend," *Coleman*, 232 F.3d at 1294, Plaintiff is also not entitled to amend under Rule 15 because granting his request at this late stage in the litigation would cause significant undue delay and undue prejudice to Defendant. *See Moore*, 885 F.2d at 538. As outlined above, Plaintiff has engaged in significant undue delay in requesting leave to amend. Additionally, the Court notes that Plaintiff filed this case more than two years ago and only now seeks to add an additional ten defendants. Plaintiff's delay would also cause undue prejudice to the opposing party. Plaintiff waited to filed his motion to amend until after Defendant's motion for summary judgment was filed and fully briefed and only a month before the Final Pretrial Conference. While Rule 16's good cause standard applies, even if the Court applies Rule 15's more liberal standard, Plaintiff is still not entitled to amend at this late stage in the litigation.

## CONCLUSION

Plaintiff's motion for leave to amend is **DENIED**. The March 28, 2011 hearing date is vacated.

**IT IS SO ORDERED.**

DATED: March 24, 2011

_____
Hon. Roger T. Benitez
United States District Judge