UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RAOHL HURSH,<br><br>   vs.                              Plaintiff, | CASE NO. 08cv2249 BEN (PCL)<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Doc. No. 58] |
|---|---|
| COUNTY OF SAN DIEGO,<br><br>                                        Defendant. | |

Plaintiff Roahl Hursh's Motion to Alter or Amend Judgment is before the Court. (Doc. No. 58.) Defendant County of San Diego opposes the motion. (Doc. No. 59.) Plaintiff did not file a Reply. For the reasons discussed below, Plaintiff's motion is **DENIED**.

### BACKGROUND

Plaintiff asserted state and federal claims against the County for its failure to place him in a lower bunk and provide appropriate medical care following his fall from an upper bunk while incarcerated at the San Diego County Central Detention Facility. The Court granted the County's motion for summary judgment and entered judgment in favor of the County.

### DISCUSSION

Plaintiff moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The Court should only alter or amend judgment pursuant to "Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."

*Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  Plaintiff has presented no newly discovered evidence or identified any intervening change in controlling law.  Rather, Plaintiff argues that the Court committed clear error in its ruling on summary judgment.  Plaintiff argues that the Court misconstrued his theory of municipal liability and failed to sufficiently address Hursh's claims regarding medical care.  Plaintiff is mistaken as to both.

Plaintiff argues that the Court misconstrued his argument regarding municipal liability and failed to address whether the County had a custom so widespread that it was the equivalent of an express County policy.[1]  However, the Court found that Plaintiff failed to produce evidence of a pattern of violations, *i.e.*, "practices so persistent and widespread as to practically have the force of law."  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).  The Court considered Plaintiff's evidence — his assertion that deputies failed to assign him to a lower bunk and the absence of safeguards to ensure proper assignment — and found that it was not sufficient to establish the required pattern.

Plaintiff also argues that the Court failed to address his claim that the County failed to provide outside medical treatment that Plaintiff requested.  This argument is unpersuasive for two reasons.  First, Plaintiff is improperly attempting to raise a new argument in a Rule 59(e) motion.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 (2008) (finding that Rule 59(e) "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In ruling on Defendant's motion for summary judgment, the Court explained that Plaintiff failed to "set forth specific facts showing that a genuine issue remains for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986), having stated only "Plaintiff was denied prompt medical treatment after his injury." (Pl's. Opp. to Mot. for Summ. J. 2.)  As the Court noted, the Court need not "scour the record in search of a genuine issue of triable fact, and may rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."  *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010).  Plaintiff failed to identify specific facts showing a genuine issue remained for trial and cannot do so for the first time in a Rule 59(e) motion.

---

[1] The Court notes that the theory of liability Plaintiff now emphasizes was only mentioned in one sentence in Plaintiff's Opposition to Defendant's motion for summary judgment. (Pl's. Opp. to Mot. for Summ. J. 5.)  This is in sharp contrast to the three pages of analysis provided in the instant motion.  However, despite this deficiency and as discussed above, the Court did address this issue in its ruling on summary judgment.

Second, even if the Court considered Plaintiff's new argument, it is without merit. Plaintiff cites only the County's statement in its motion for summary judgment that "Hursh's request for additional 'outside' medical treatment was denied following a medical review of his condition." (Def's. Mot. for Summ. J. 5.) This single statement about one denied request for additional outside medical treatment is not "such that a reasonable jury could return a verdict for the [Plaintiff]". *Anderson*, 477 U.S. at 248; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (finding that a plaintiff must show the medical response was deliberately indifferent, *i.e.,* defendant's failure to respond to a serious medical need and resulting harm). Additionally, Plaintiff has failed to produce any evidence that even suggests that the denial was anything other than a difference of opinion between medical personnel and Plaintiff about the need for outside medical care. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

## CONCLUSION

Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

IT IS SO ORDERED.

DATED: December 16, 2011

_____
Hon. Roger T. Benitez
United States District Judge